IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| LISA VASQUEZ-AHUMADA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:20-00564 |
| ) | |
| M.E. REHERMAN, ) | |
| ) | |
| Defendant. ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Plaintiff's letter-form Motion to Voluntarily Dismiss (Document No. 3), filed on September 4, 2020. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.)

### FACTUAL AND PROCEDURAL HISTORY

On August 20, 2020, Plaintiff, acting *pro se*, filed her Petition pursuant to 28 U.S.C. § 2241 initiating Civil Action No. 1:20-00553.[1] (Document No. 1.) In her Section 2241 Petition, Plaintiff first alleged that staff at FPC Alderson had provided inadequate medical care for her kidney stones and urinary tract infection. (Id.) Second, Plaintiff complained that she had not been properly considered for home confinement placement pursuant to the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). (Id.)

Upon initial review, it was clear Plaintiff had filed a Petition containing mixed claims. Specifically, it was clear that Plaintiff was seeking relief pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619

---

[1] Because Petitioner is acting *pro se*, the documents which she has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

(1971) concerning her allegations of inadequate medical care. (Document No. 1-2.) To the extent Plaintiff was challenging the conditions of her confinement (inadequate medical care claim), the undersigned construed Plaintiff's Section 2241 Petition as an attempt to initiate a civil action pursuant to Bivens. (Id.) By Order entered on August 26, 2020, the undersigned directed Plaintiff to complete a form Complaint naming individual defendants and stating specific facts as to how each defendant violated her constitutional rights if Plaintiff wished to proceed with her Bivens claim. (Id.) Additionally, the Court ordered Plaintiff to either pay the filing and administrative fee ($400) or submit an Application to Proceed *in Forma Pauperis* or Without Prepayment of Fees. (Id.)

On September 4, 2020, Plaintiff filed her above letter-form Motion to Voluntarily Dismiss (Document No. 3) In her letter-form Motion, Plaintiff requests that the Court dismiss the above case without prejudice. (Id.) Plaintiff states that she "will be bringing this suit at a later date, after [her] release." (Id.)

## **ANALYSIS**

Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that a plaintiff may voluntarily dismiss an action without a Court Order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Rule 41(a)(1)(B) states in pertinent part, as follows:

> Unless the notice of dismissal or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal – or state – court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The purpose of the Rule respecting voluntary dismissal "is freely to

allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). "A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). It is well established that prejudice to the defendant does not result from the prospect of a second lawsuit. See Vosburgh v. Indemnity Ins. Co. of North America, 217 F.R.D. 384, 386 (S.D. W.Va. Sep. 12, 2003). In considering a Motion under Rule 41(a)(2), the District Court should consider the following relevant, but non-dispositive, factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." Id.

Defendant has neither filed an Answer to Plaintiff's Complaint in the above action nor otherwise pled. Accordingly, the undersigned respectfully recommends that Plaintiff's above letter-form Motion be viewed under Federal Rule of Civil Procedure 41(a)(1)(A) and that the instant civil action be dismissed under Rule 41(a)(1)(A)(i) without prejudice. See e.g., Camacho v. Mancuso, 53 F.3d 48, 51 (4th Cir. 1995)(Rule 41(a)(1) "only allows a unilateral dismissal prior to a defendant's filing an answer to the complaint or filing a motion for summary judgment.")

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Plaintiff's letter-form Motion to Voluntarily Dismiss (Document No. 3), **DISMISS** Plaintiff's Complaint (Document No. 1) without prejudice and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: September 11, 2020.

Omar J. Aboulhosn
United States Magistrate Judge